1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

Case No. 1:15-cv-01171 MJS (HC)

12

**BRANDON W. RACKLIFFE,**

**ORDER GRANTING RESPONDENT'S
MOTION TO DISMISS**

13

Petitioner,

**[Doc. 16]**

14

**v.**

15
16

**JOE A. LIZARRAGA,**

17

Respondent.

18
19

Petitioner is a state prisoner with a petition for writ of habeas corpus pursuant to

20

28 U.S.C. § 2254. He is represented by Charles W. Coppock. Respondent, Warden of

21

Mule Creek State Prison is represented in this action by John W. Powell, of the Office of

22

the Attorney General for the State of California.

23

Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. §

24

636(c). (ECF Nos. 2, 13.)

25

I.      **BACKGROUND**

26

Petitioner is currently in the custody of the California Department of Corrections

27

pursuant to a judgment of the Superior Court of California, County of Fresno.  (Reptr. Tr.

28

1

1    at 202.) On January 6, 2011, Petitioner plead no contest to battery on a nonprisoner by a

2    prisoner. (Id.)  On the same date he was sentenced to a determinate term of six years in

3    state prison. (Id.)

4         On February 20, 2013, the California Court of Appeal, Fifth Appellate District,

5    affirmed the judgment. (Mot. To Dismiss, Ex. A, ECF No. 16.) Petitioner did not seek

6    review in the California Supreme Court. Petitioner proceeded to file two collateral

7    appeals to his conviction in state court.  (See Lodged Docs. 6-9.) The petitions were filed

8    as follows:

9         1.   Fresno County Superior Court
              Filed: January 24, 2013[1];
10             Denied: April 2, 2013;

11        2.   California Court of Appeal, Fifth Appellate District
              Filed: December 14, 2014;
12             Denied: February 19, 2015;

13   (Lodged Docs. 6-9.)

14        Petitioner filed the instant federal habeas petition on July 6, 2015. (Pet.) On

15   November 11, 2015, Respondent filed a Motion to Dismiss the petition as being filed

16   outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d) and for failure

17   to exhaust judicial remedies. (Mot. to Dismiss, ECF No. 11.) Petitioner did not file an

18   opposition to the motion. The matter stands ready for adjudication.

19   **II.    DISCUSSION**

20        **A.    Procedural Grounds for Motion to Dismiss**

21        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

22   dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

23   petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing

24   Section 2254 Cases.

---

25        [1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition
26   to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d
     245 (1988); Hernandez v. Spearman, 2014 U.S. App. LEXIS 16252 (9th Cir. Aug. 22, 2014); see also Rule
27   3(d) of the Rules Governing Section 2254 Cases. Here, all the petitions were filed by legal counsel for
     Petitioner and are not subject to the 'prison mailbox' rule.

28

2

1      The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

For the sake of judicial efficiency, the Court shall review Respondent's motion to dismiss based on a violation of the one-year limitations period under 28 U.S.C. § 2244(d)(1), rather than the failure to exhaust judicial remedies. Because Respondent's claim is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.**    **Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on July 6, 2015, and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

(1)  A 1-year period of limitation shall apply to an application for a writ of

habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. On February 20, 2013, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. (Mot., Ex. A.) Petitioner did not seek review in the California Supreme Court. Accordingly, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became final on April 1, 2013, upon expiration of the forty-day period within which to file and serve a petition for review with the California Supreme Court. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-654, 181 L. Ed. 2d 619 (2012); Cal. Rules of Court 8.387(b)(1); 8.500(e)(1). The AEDPA statute of limitations began to run the following day, on April 2, 2013. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from April 2, 2013, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.  However, Petitioner delayed in filing the instant petition until July 6, 2015, over a year after the statute of limitations

1  period expired. Absent the later commencement of the statute of limitations or any

2  applicable tolling, the instant petition is barred as untimely.

3         **C.**     **Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

4        28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

5  application for State post-conviction or other collateral review with respect to the

6  pertinent judgment or claim is pending shall not be counted toward" the one year

7  limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held

8  the statute of limitations is tolled where a petitioner is properly pursuing post-conviction

9  relief, and the period is tolled during the intervals between one state court's disposition of

10  a habeas petition and the filing of a habeas petition at the next level of the state court

11  system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th

12  Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations

13  under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was

14  timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

15  U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or

16  determined by the federal courts to have been untimely in state court will not satisfy the

17  requirements for statutory tolling. Id.

18        According to the state court records provided by Respondent, Petitioner filed his

19  first petition for writ of habeas corpus on January 24, 2013. The application was

20  therefore filed prior to the commencement of the limitations period. A collateral action

21  filed prior to the effective date of the statute of limitations has no tolling consequence.

22  Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (Although the filing of a state habeas

23  petition "would otherwise have tolled the running of the federal limitations period, since it

24  was denied before that period had started to run, it had no effect on the timeliness of the

25  ultimate federal filing."). While the petition has no effect for the time it was filed prior to

26  the limitation period, Petitioner is entitled to tolling for the period after the limitation

27  period commenced that his state petition was still pending. In this case the limitation

28  period began on April 1, 2013, and his first state petition was denied on April 2, 2013.

1   Petitioner is entitled to one day of tolling for the state petition.

2          Accordingly, the limitations period commenced on April 3, 2013 and expired one

3   year later on April 2, 2014.

4          The statute of limitations expired over a year before the instant federal petition

5   was filed on July 6, 2015. While Petitioner filed a second post-conviction challenge on

6   December 24, 2014, petitions filed after the expiration of the statute of limitations period

7   have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section

8   2244(d) does not permit the reinitiation of the limitations period that has ended before

9   the state petition was filed.").

10         The present petition was filed on July 6, 2015, over a year after the expiration of

11  the year statute of limitations period. The instant federal petition is untimely.

12         **D.      Equitable Tolling**

13         The limitations period is subject to equitable tolling if the petitioner demonstrates:

14  "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

15  circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010);

16  quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would

17  give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th

18  Cir. 1993). Petitioner has not presented any argument that he is entitled to equitable

19  tolling of the petition.

20         **E.      Exhaustion**

21         Respondent, in his motion to dismiss, asserts an alternative ground for dismissal

22  based on failure to exhaust state remedies. (See Mot. to Dismiss at 4-6.) As the petition

23  is untimely and subject to dismissal, in an exercise of judicial efficiency, the Court will not

24  address Respondent's claims regarding failure to exhaust judicial remedies.

25  **IV.    CONCLUSION**

26         As explained above, Petitioner failed to file the instant petition for Habeas Corpus

27  within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner was

28  given the benefit of statutory tolling but not entitled to equitable tolling. Regardless, the

petition remains untimely filed. Based on the foregoing, the Court grants Respondent's motion to dismiss.

///

**V.     ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.     Respondent's Motion to Dismiss (Doc. 16) is GRANTED;

2.     The Petition for Writ of Habeas Corpus is DISMISSED with prejudice as untimely;

3.     The Court DECLINES to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. 484. In the present case, jurists of reason would not find debatable whether the petition was properly dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d)(1). Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated:   __January 13, 2016__         ___/s/ *Michael J. Seng*___

                                        UNITED STATES MAGISTRATE JUDGE